# IN THE COURT OF APPEALS OF IOWA

No. 21-0676
Filed August 18, 2021

**IN THE INTEREST OF A.C. and A.C.,**
**Minor Children,**

**C.H., Mother,**
　　Appellant.
_____

Appeal from the Iowa District Court for Muscatine County, Gary P. Strausser, District Associate Judge.

A mother appeals the termination of her parental rights. **AFFIRMED.**

Esther J. Dean, Muscatine, for appellant.

Thomas J. Miller, Attorney General and Meredith L. Lamberti, Assistant Attorney General, for appellee State.

Donald W. Schroeder of Schroeder Law Firm, PLC, attorney and guardian ad litem for minor children.

Considered by Mullins, P.J., and May and Ahlers, JJ.

**MULLINS, Presiding Judge.**

A mother appeals the termination of her parental rights to her two children, born in 2014 and 2016, pursuant to Iowa Code section 232.116(1)(f) (2020) as to the older child and 232.116(1)(h) as to the younger child.[1]  She appears to concede clear and convincing evidence supports the statutory grounds for termination but argues the children could have been "safely returned to [her] care if given an additional four months to reunify."

The genesis of the Iowa Department of Human Services' involvement with this family dates back to July 2017, upon an altercation between the parents in the presence of the children, during which the mother retrieved a loaded firearm and threatened the father with it.  The mother pled guilty to domestic abuse assault with use or display of a weapon and child endangerment in relation to this incident.  Another altercation occurred between the parents in the children's presence in April 2018.  Shortly thereafter, the mother consumed alcohol to the point of passing out while the children were in her care, and one of the children was observed standing outside a second-story window on a narrow ledge with the other child on his way out the window as well.  A safety plan was entered contemplating the mother and children moving into a shelter.  The children were adjudicated as in need of assistance in June.

The mother's mental-health deficiencies and resulting inability to safely care for the children permeated the remainder of the proceedings.  As a result of the mother's mental-health issues, a formal order for removal was entered in January

---

[1] The father's rights were also terminated.  He does not appeal.

2019, after which the mother never progressed beyond fully-supervised visits. In fact, visits were ultimately suspended due to the children's response to contact with the parents. By January 2020, the mother had made very little, if any, progress, which prompted the State to institute termination proceedings. A termination hearing was held in July, after which the court entered an order terminating the mother's parental rights.[2] The mother appeals.

As noted, the mother requests additional time to work toward reunification. If, following a termination hearing, the court does not terminate parental rights but finds there is clear and convincing evidence that the children remain in need of assistance, the court may enter an order in accordance with section 232.104(2)(b). Iowa Code § 232.117(5). Section 232.104(2)(b) affords the juvenile court the option to continue placement of a child for an additional six months if the court finds "the need for removal . . . will no longer exist at the end of the additional six-month period."

Upon our de novo review of the record, *In re A.B.*, 956 N.W.2d 162, 168 (Iowa 2021); *In re C.Z.*, 956 N.W.2d 113, 119 (Iowa 2021), and giving primary consideration to the children's best interests, *In re J.E.*, 723 N.W.2d 793, 798 (Iowa 2006), the defining elements of which are the children's safety and need for a permanent home, *In re H.S.*, 805 N.W.2d 737, 748 (Iowa 2011), we are unable to conclude the need for removal will no longer exist if the mother was granted additional time. At the time of the termination hearing, the mother was no closer to having the children returned to her care than she was following formal removal.

---

[2] The court did not enter its termination ruling until May 2021.

As the children's guardian ad litem opined, "The sad truth is [the mother] is [not] in a position either now, or in the foreseeable future, to safely parent these children." We conclude additional time is not warranted, and we affirm the termination of the mother's parental rights.

**AFFIRMED.**